UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CORTEZ CHARVEZ BOLES,

   Movant,

                 File No. 1:10-cv-1297

v.

                 HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

   Respondent.
              /

**O P I N I O N**

   This matter is before the Court on Movant Cortez Charvez Boles's motion pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. For the reasons that follow, his motion will be denied.

   Movant was indicted on July 16, 2009, on the following charges: (1) possession with intent to distribute 5 or more grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), and (2) possession of cocaine base, in violation of 21 U.S.C. § 844(a). (Case No. 1:09-CR-214, Dkt. No. 1. Indictment.) Movant pleaded guilty to Count I of the Indictment on September 16, 2009, and was sentenced on December 17, 2009, to 120 months' imprisonment followed by five years of supervised release. (1:09-CR-214, Dkt. No. 32, Sent. Tr. 20.) Movant did not appeal. Movant filed his timely § 2255 motion on December 8, 2010. (Dkt. No. 1.) Movant seeks relief based on ineffective assistance of counsel.

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack.  28 U.S.C. § 2255.  To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict."  *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).  Non-constitutional errors are generally outside the scope of § 2255 relief.  *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000).  A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process."  *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either 1) "cause" and "actual prejudice"; or 2) "actual innocence."  *Massaro v. United States*, 538 U.S. 500, 504 (2003);  *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456

U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

A court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b). Where the judge considering the § 2255 motion also conducted the proceedings, the judge may rely on his or her recollections. *See Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

**III.**

To make out a claim of ineffective assistance of counsel, a movant must show that counsel's representation fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced the movant. *Strickland v. Washington*, 466 U.S.

3

668, 687-88 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. Movant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In determining whether counsel's performance was deficient, the inquiry "must be highly deferential":

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. . . . [A] court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . . A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.

*Id.* at 689-90. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688) (internal quotation marks omitted)). A court may dispose of a claim if the defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Strickland*, 466 U.S. at 697. Because counsel is presumed to be competent, the burden rests on the movant to show a constitutional violation. *United States v. Cronic*, 466 U.S. 648, 658 (1984) (citing *Michel v. Louisiana*, 350 U.S. 91, 100-01 (1955)). Unless a movant can show specific errors made by counsel which undermined the adversarial process, there is generally no basis for finding

4

a Sixth Amendment violation. *Strickland*, 466 U.S. at 696-96.

To establish prejudice, the movant must also show a reasonable probability that counsel's errors affected the outcome of the proceeding. *Id.* at 691-96. "In the context of an allegedly involuntary guilty plea, prejudice can be demonstrated by showing that 'but for counsel's errors, [the petitioner] would not have pleaded guilty.'" *Anderson v. Carlton Hill*, 150 F. App'x 499, 501 (6th Cir. 2005) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)); *see also Smith v. United States*, 348 F.3d 545, 551-52 (6th Cir. 2003). The Sixth Circuit has held that in the plea context, *Strickland* requires the showing of a "'reasonable probability' that the result of the proceeding would have been different." *Magana v. Hofbauer*, 263 F.3d 542, 548 n.1 (6th Cir. 2001).

Movant claims that Counsel was ineffective for having induced him into signing the plea agreement by promising that (1) his sentence would be between 46-57 months and (2) that the government would not pursue the career offender enhancement. (Dkt. No. 1, Mot. to Vacate 5.) Movant also claims that Counsel prevented him from speaking at sentencing. (Dkt. No. 1, Mot. to Vacate 5.)

Whether a guilty plea is knowing and voluntary is determined by a comprehensive examination of the totality of the circumstances. *Barry v. Mintzes*, 726 F.2d 1142, 1146-49 (6th Cir. 1984) (citing *Rinehart v. Brewer*, 561 F.2d 126, 130 (8th Cir. 1977)). When the record reveals that a petitioner's "plea was knowing and voluntary," the district court need not conduct a hearing if the defendant later challenges the guilty plea in a 28 U.S.C. § 2255

5

proceeding. "[A] defendant who expressly represents in open court that his guilty plea is voluntary may not ordinarily repudiate his statements to the sentencing judge." *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (citing *Fontaine v. United States*, 411 U.S. 213, 215 (1973)) (internal quotation marks omitted); *see United States v. Broce*, 488 U.S. 563, 569 (1989); *Mabry v. Johnson*, 467 U.S. 504, 508 (1984).

In his plea agreement, Movant agreed that the plea was entered voluntarily and that, by signing the agreement, stated, "[n]o one has threatened or forced me in any way to enter into this agreement . . . I am satisfied with the representation of my attorney in this matter." (1:09-CR-214, Dkt. No. 23, Plea Agrm't 9.) At the plea hearing on September 16, 2009, Movant made statements under oath, indicating that he voluntarily agreed to the terms of the plea, that he had adequately discussed the matter with Counsel, that he was satisfied with his attorney's representation, and that no one had made promises of leniency to him. (1:09-CR-214, Dkt. No. 31, Plea Tr. 4, 7.) Conversely, Movant did not give any indication of involuntariness. By signing the plea agreement, Movant agreed that the plea was the complete agreement between the parties and that no other promises were made or contemplated in its execution. (1:09-CR-214, Dkt. No. 23, Plea Agrm't 8-9.) Such an integration clause ordinarily prevents Movant from claiming that other promises were included in the plea agreement. *United States v. Hunt*, 205 F.3d 931, 935 (6th Cir. 2001).

By pleading guilty, a defendant waives the constitutional rights that attach in a criminal trial, including the very right to a trial, rights against self-incrimination, and rights

6

of confrontation, among others. *Florida v. Nixon*, 543 U.S. 175, 187 (2004). Guilty pleas "comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *Broce*, 488 U.S. at 569. When voluntary, a conviction and plea waive the right to collateral attack.[1] *Id.* at 569. When a plea is knowing and voluntary, no hearing is needed if the defendant challenges it in a § 2255 motion. "[T]o allow indiscriminate hearings in federal post conviction proceedings . . . would eliminate the chief virtues of the plea system -- speed, economy, and finality." *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986) (quoting *Blackledge v. Allison*, 431 U.S. 63, 71 (1977)).

Movant has failed to establish prejudice based on his decision to plead guilty because of Counsel's estimation of the length of his sentence. "It is well settled that a defense attorney's erroneous calculation and prediction of the sentencing guidelines is not a basis for setting aside a guilty plea." *United States v. Hicks,* 4 F.3d 1358, 1363 n.3 (6th Cir. 1993); *see also United States v. Stephens,* 906 F.2d 251, 253 (6th Cir. 1990). Furthermore, Movant has failed to meet his burden to show that he would not have pled guilty but for Counsel's advice. In this case, this Court properly informed Movant of his maximum sentence and ensured that his plea was not the result of any promises or assurances regarding his sentence range. (Dkt. No. 31, Plea Tr. 6-7.)

---

[1]Movant's own plea agreement also included a specific waiver of the right to appeal or collaterally attack the conviction and sentence. (1:09-CR-214, Dkt. No. 23, Plea. Agrm't 7.) This waiver is invalid, however, if the plea was not entered into freely and voluntarily. *See United States v. Mezzanatto*, 513 U.S. 196, 201 (1995); *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001).

Movant also fails to establish any prejudice in connection with his classification as a career offender. Neither Movant's Counsel nor the government initially contemplated pursuit of a career offender enhancement. (Dkt. No. 8, Ans. 9.) However, Movant learned that he had been designated a career offender in the PSR more than a month prior to his sentencing. (Dkt. No. 8, Ans. 12.) After the PSR was issued, Counsel discussed the career offender enhancement with Movant. (Dkt. No. 8-1, Aff. 1.) Movant decided not to withdraw the guilty plea, but instead sought to attempt to obtain relief through a second proffer interview. The fact that Movant might be sentenced as a career offender did not alter his decision to stick with his guilty plea or alter the voluntariness of that plea. (Dkt. No. 8-1, Aff. 2.) Movant has not shown that, but for Counsel's advice, he would not have pleaded guilty. Furthermore, Counsel was not ineffective in providing his estimation to Movant, and Movant was not prejudiced by it.

## IV.

Movant also contends that he is being held unlawfully because his conviction was obtained in violation of the double jeopardy clause. (Dkt. No. 1, Mot. to Vacate 4.) Other than checking the box on the form, Movant has provided no explanation as to why this is so. Assuming that Movant's assertion is based on the fact that he was designated a career offender because of his two prior felony drug convictions, that claim is barred because it was not raised on direct appeal. Nevertheless, the claim lacks merit because "it is well established that habitual criminal laws, which the career offender guidelines emulate,

withstand ex post facto and double jeopardy challenges." *United States v. LaSalle,* 948 F.2d 215, 218 (6th Cir. 1991) (citing *Spencer v. Texas,* 385 U.S. 554, 560 (1967)).

**V.**

The files and records in this case conclusively show that Movant is entitled to no relief under § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* For the reasons stated in this opinion, the Court does not believe that reasonable jurists would find its assessment of Movant's claims to be debatable or wrong. Accordingly, a certificate of appealability will also be denied as to each claim.

An order and judgment consistent with this opinion shall be entered.


Date:   November 14, 2011                    /s/ Robert Holmes Bell
                                             ROBERT HOLMES BELL
                                             UNITED STATES DISTRICT JUDGE